UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

FILED
APR 1 0 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| UNITED STATES OF AMERICA | CASE NO. 5:19-CR-309 |
| Plaintiff, | |
| V. | |
| JULIO NOYOLA CAMPOS | |
| Defendant. | MOTION TO DISMISS PURSUANT TO FED. R. CRIM. P. / Global Pandemic |

Comes Now, Julio Noyola Campos, Defendant in the above captioned case and hereby requests from this Honorable court to Dismiss the above captioned case due to grave violations of the United States Constitution, errors of the Federal Rules of Criminal procedure and the Corona Pandemic - Covid-19.

This Honorable court does have jurisdiction due to this is the district in which this criminal complaint was filed.

The violations of my Constitutional rights and Fed. R. Crim. P. along with the Global pandemic afford me protections

against intentional and prejudicial preaccusation delay. The due process clause and the federal statutes of limitations protects me from unnecessary delay. The Sixth Amendments speedy trial guarantee, the speedy trial act of 1974 protects my rights as to my case being delayed for over 21 months violates my protections against preaccusation delay. 18 U.S.C. 3161-74 specifys time limits between arrest, indictment, and trial, and permissible delays, and also violates Fed.R. Crim.P. 48(b) authorizing courts to dismiss indictments for governments unnecessary preindictment and "Post" indictment delay.

However the Due process clause may be violated even if an indictment is brought within the prescribed statute of limitations.

My due process rights have been violated due to the prosecution unnecessarily delaying my time to be heard,

(2)

My attorney allowing these delays to occure and now with court being further delayed to the effect of a Global Pandemic. I asked my attorney's not to delay my hearings and they blamed the U.S. Attorney and the courts. By me being housed in an overcrowded environment with this corona virus waiting to happen causes my conditions of confinement to outweigh my crime for which I am being charged. If the corona virus breaks out its like a death sentence waiting to happen which would be "grossly disproportionate" to the severity of the offense.

To determine whether a defendant has been deprived of the right to a speedy trial courts consider the conduct of the defendant and the prosecution, focusing on the four factors articulated by the Supreme court in Barker v.

Wingo: (1) length of delay; (2) Reason for delay; (3) whether, when, and how the defendant asserted the speedy trial right; and (4) whether the defendant was prejudiced by the delay. U.S. v. Burgess, 684 F.3d 445, 451 (4th Cir. 2012) the length of delay must be presumptively prejudicial to trigger examination of the Barker factors. My particular case merits this examination due to all the unnecessary delays and now the further delay of the courts not moving forward due to this Global Pandemic. The courts generally hold that delays in excess of one year is presumptively prejudicial. U.S. v. Grimmond, 137 F3d, 823, 8256 (4th cir. 1998). I believe that there are and has been deliberate attempts to hinder Me the defense.

<u>IN CONCLUSION</u>

(4)

The Speedy Trial Act of 1974 establishes "Specific" time limits for completing "KEY" stages of a criminal federal prosecution. 18 U.S.C. 3161-74. Although the purpose of the act is to protect a defendants Constitutional right to a speedy indictment and trial, the court may find a violation of a defendants Sixth Amendment right to speedy trial even when the Act is not violated.

My rights under the laws of the United States Constitution, Fed. R. Crim. P. and this global pandemic are violating my rights to be free of cruel and unusual confinement thereby I would ask this Honorable Court to dismiss this case forthwith and in the best interest of justice.

Respectfully submitted

Dated 04-07-2020

Julio Nayola C.

Julio Noyola Campos